UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **RACHEL WILLARD,**<br>　　Plaintiff,<br><br>v.<br><br>**FRIENDSWOOD ISD,**<br>　　Defendant. | Civil Action<br><br>_____<br><br>Jury Demanded |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a JURY TRIAL in this employment discrimination and retaliation case as to any and all issues triable to a jury. Plaintiff alleges Defendant FRIENDSWOOD ISD discriminated and retaliated against Plaintiff when Defendant, FRIENDSWOOD ISD, took adverse personnel actions against Plaintiff.

1.2. COMES NOW, RACHEL WILLARD, (hereinafter referred to as "Plaintiff") complaining of and against FRIENDSWOOD ISD (hereinafter referred to as "Defendant" or "FRIENDSWOOD ISD"), and for cause of action respectfully shows the court the following:

### 2. PARTIES

2.1. Plaintiff is an individual who resides in within this District.

2.2. Defendant FRIENDSWOOD ISD is an employer located in Galveston County, Texas, qualified to do business in Texas and engaging in an industry affecting interstate

commerce, and employs more than 20 regular employees and may be served by serving its Superintendent Thad Roher  302 Laurel Drive FRIENDSWOOD, Texas 77546.

## 3. VENUE AND JURISDICTION

3.1. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is where all or part of the cause of action accrued and the District where Defendant maintains a residence, an agency or representative.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331 and the American's with Disabilities Act, as amended.

3.3. Declaratory and injunctive relief is sought pursuant to the American's with Disabilities Act, as amended.

3.4. Actual damages, to include back pay and front pay are sought pursuant to the American's with Disabilities Act, as amended.

3.5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and the American's with Disabilities Act, as amended.

3.6. Compensatory damages may be awarded pursuant to the American's with Disabilities Act, as amended.

## 4. STATEMENT OF THE CASE

4.1 Plaintiff, Rachel Willard, worked for Respondent, Friendswood Independent School District for approximately three years. Ms. Willard was a first-grade teacher at Westwood Elementary School. Rachel loved her job, her students and by all accounts was a good teacher. Rachel lived in the district, her children went to school in the district and they were a very involved and close family. Friendswood Independent School District was their home.

4.2     Sadly, earlier in 2016 Rachel's 14-year-old son committed suicide. Rachel Willard's family was devastated by this tragedy. Rachel took several weeks protected leave from working during this time.

4.4.    As difficult as things were, Rachel looked forward to going back to school. Her first graders were important to her and working with them very much helped with her grief. Rachel was only out a few days after her return from leave. Rachel was doing her job well and received no complaints from the district or any parents. Rachel did not require any additional classroom support.

4.5.    On May 3, 2016, Principal Moffit requested a meeting with Rachel and Superintendent Trish Hanks. Ms. Moffit and Ms. Hanks attempted to express concern for Rachel which appeared disingenuous. They perceived, in their words, that she "needed more time to heal," that she had gotten too much assistance from other teachers and that parents were concerned. This was not true. Rachel had not requested assistance. No parental complaints or concerns existed. These reasons were fabricated.

4.6     Rachel went to the administration building to sign her contract for the next year. Assistant Superintendent Thad Rohr asked Rachel to his office and asked if she was there for the aide's position. When Rachel informed him that she was not he blindsided her by informing her that Respondent recommended terminating her contract. Rohr tried to intimidate and harass Rachel Willard.

4.7     On May 3, 2016, Defendant's agent and Superintendent Trish Hanks, gave Rachel a memo. This memo contained false information, such as support given to her and her class and based on that false information, they were not confident that she would be able to handle all the tasks required of a classroom teacher. This memo stated that Defendant

      offered her a special education *paraprofessional* position. This was a demotion. Defendant demanded in that memo that Rachel resign from her teaching contract by the next day, Wednesday, May 4, 2016. The memo continued on to state that if she did not resign and take the paraprofessional position that the Board would consider taking action against her at the regularly scheduled meeting on May 9, 2016 to terminate her contract. Although Defendant had no reason to believe so, the memo from Trish Hanks perceived her as disabled by stating that she would be welcome back as a teacher when she was stronger. Respondent clearly perceived, without reason that Rachel was not strong enough to teach.

4.8    On her way to take her class out for recess, Mr. Rohr, Principal Moffit and Ms. Hanks stood in her doorway in an effort to intimidate her. Principal Moffit continued to pressure Rachel by sending a text a text asking her to meet in her office asking her if she had an have answer for her. Rachel responded that she did not. In the presence of Mr. Whitlock, Principal Moffit inappropriately asked Rachel if she knew how bad this looked for me.

4.9    Defendant held a Board meeting listing Rachel on the agenda for contract termination in the best interests of the District. The agenda was made available to the public.

4.10    Hundreds of parents, students, families and other teachers responded with outrage in her support and many attended the meeting in her support in an effort to stop Defendant from terminating her contract and have her resign from teaching. News crews also attended and televised the issue.

4.11    At the last minute, Defendant tabled the issue and called a special meeting to get resolution.

**PLAINTIFF'S ORIGINAL COMPLAINT**

4.12   Principal Moffit requested another meeting with Rachel on May 11, 2016. Although they never met and never came to any resolution or agreement Defendant sent an intentionally erroneous blast to the news media that a compromise had been made. That was a lie.

4.13   At the board meeting, trustees made inappropriate comments. By way of example, Trustee Ralph Hobratschik publicly stated, regarding Rachel that the grieving process can take two to three years. He made this statement not knowing anything personally about Rachel, her situation or her family.  Trustee Matt Robinson publicly stated that "there's reason to think she will get better over time. But, then again, she might not and it might be in August or September we would have to replace her and continue to pay her and replace her with another teacher which would cost the district a significant amount of money. And, it would be disruptive to that class if it were to happen a month into the year." Trustee Robinson knew nothing about Rachel Willard personally. He did have access to the fact that there were no parent complaints or concerns about Rachel.

4.14   That news blast also indicated that Rachel's contract would automatically renew. That was also untrue.

4.15   Although Defendant already demoted Rachel, terminated her and constructively terminated her, Defendant, again without any agreement, sent Rachel a Probationary contract on May 18, 2016, for what they told her was special needs teaching position. Rachel is not certified in special needs. It would not be in the best interests of the children for Rachel be teaching in that position. That contract maintained a deadline of May 24,

2016 and stated that if she did not sign for that position by that date (6 days) she was deemed to have resigned. Suddenly it was appropriate for Rachel Willard to teach – however a class of students she never taught before and, in an area, she was not certified in.

4.16   Defendant posted a position for first grade in Rachel's school.

4.17   Defendant's actions in demoting her, terminating her, demeaning her, perceiving her as disabled in a public manner, pressuring her, intimidating her, putting her under duress, belittling her work performance with no support or complaints and harassing and discriminating against her caused her significant mental anguish and distress.

4.18   Defendant has discriminated and retaliated against her, in violation of the Americans with Disabilities Act, as amended based on her perceived disability, report of a disability or disability and for protected activity. Defendant has also created a hostile environment under these Acts.

## 5   TIMELINESS

5.1   Plaintiff brought this suit within 90 days from the date of receipt of the notice of right to sue.[1]

## 6   ADMINISTRATIVE CONDITIONS PRECEDENT

6.1    Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 300 days of the date Plaintiff learned of the adverse employment action.

## 7   DAMAGES

---

[1] It is important to note that in error the EEOC mailed 2 copies of Ms. Willard's EEOC Right to Sue to counsel including the copy addressed to her. These rights to sue were received on May 15, 2018 via regular U.S. mail.

7.1   As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 8   ATTORNEY'S FEES

8.1   Defendant' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 9   PRAYER

9.1   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

9.1.1   Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein including benefits;

9.1.2   Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

9.1.3   Judgment against Defendant, for front pay by Plaintiff as alleged herein;

9.1.4   Grant Plaintiff general damages for the damage to Plaintiff's reputation;

9.1.5   Pre-judgment interest at the highest legal rate;

9.1.6   Post-judgment interest at the highest legal rate until paid;

9.1.7   Damages for mental pain and mental anguish;

9.1.8   Compensatory damages;

9.1.9   Attorney's fees;

9.1.10  All costs of court expended herein;

9.1.11  Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

                      Respectfully submitted,

                      /s/ Ellen Sprovach
                      Ellen Sprovach
                      Texas State Bar ID 24000672
                      USDC SD/TX No. 22202
                      ROSENBERG & SPROVACH
                      3518 Travis, Suite 200
                      Houston, Texas 77027
                      (713) 960-8300
                      (713) 621-6670 (Facsimile)
                      Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

                      ATTORNEYS FOR PLAINTIFF